[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR CONTEMPT (#190)
The plaintiff seeks to have the court hold the defendant in contempt for his failure to pay college expenses for the parties' child, Justin. The parties' marriage was dissolved on September 26, 1986 at which time their separation agreement was approved and incorporated by reference in the judgment. The agreement provided for postmajority education costs as follows:
 2.4 "If any or all of the children are ready, willing and able to attend any post secondary school institution, including but not limited to, any college, university, or post-secondary school, vocational school and/or the like (all of the foregoing being referred to hereinafter as "institution'), the Husband and Wife shall pay, to the extent they are each financially able, the cost of the education for such children so long as such education is commenced within one school year from the date of graduation from secondary school, and that such CT Page 11148 education is completed within five (5) years from the date of the commencement of such education.
 The cost of education as used in this Agreement shall include the tuition, room and board, at said institution, books, necessary supplies, one round-trip airline ticket, or the equivalent, per school year, and other normal expenses and fees as charged by the applicable institution.
 The Husband and Wife's payment for said education, if applicable, may be made directly to the appropriate institution."
The parties have been before this court on this issue beginning in 1995 on several occasions. On June 26, 1997 this court (Tierney, J.) issued a memorandum of decision (#185) wherein he found as fact that the parties had created a fund for Justin containing $45,000 for use in paying college expenses. The court entering judgment was unaware of any such fund for it was not disclosed to the court.
Justin was born on May 9, 1977. His college expenses were not considered by the court when it issued its 1997 rulings. The decision did find that the $45,000 fund existed as of June 26, 1997. Although the plaintiff's exhibit #1 and her testimony asserts it was $40,000, this court finds, as did the earlier court ruling, that it was $45,000. The agreement of the parties defines cost of education. The plaintiff has included many items that do not fit the definition. The court has attached as Appendix A the three page schedule entitled "Justin Hearon School Expenses" (6/95 — 1/98) indicating by "x" those found to be other than a "cost of education" as defined by the agreement. The total disallowed is $9,510. The court finds $5,712 as being costs of education.
Plaintiff's Exhibit #8 lists Justin's college expenses from 1996 through 2001. The plaintiff seeks to have the defendant held liable for the "Stafford Loans" which are listed as follows:
 1996 — 1997 $ 2,625 1997 — 1998 3,500 1998 — 1999 5,500 1999 — 2000 5,500 2000 — 2001 5,500 _______ Total $22,625
CT Page 11149 Their son is in a five year program wherein he works six months and attends classes the following six months. His earnings are listed on Exhibit #8 as follows:
 1997 — 1998 $ 4,180 1998 — 1999 10,000 1999 — 2000 10,000 2000 — 2001 10,000
which are applied to the payment of his college expenses.
Utilizing the allowed expenses listed on Exhibit # 1 and utilizing the $15,506 listed for the remaining four years, it is apparent that the Stafford loans together with the son's earnings cover the college expenses except for food and housing which the plaintiff lists as $1500 monthly for the months Justin attends classes or $36,000.
After applying $5712 of the college Rind to the initial year and applying the remaining $39,288 to the food and housing expenses, there still remains $3288 in the fund. No evidence of accretion of the fund by interest, capital gains or dividend was introduced.
The court has some reservations concerning the credibility of the plaintiff's testimony as well as her exhibits. No original invoices are in the record.
There is no basis for the court to find the defendant in contempt. The plaintiff's motion is denied. No attorney's fees are awarded to either party.
HARRIGAN, J.
 JUSTIN HEARON SCHOOL EXPENSES
DIRECT AND VARIOUS SCHOOL EXPENSES AGGREGATED THROUGH FEBRUARY 1998 VARIOUS INDIRECT EXPENSES FROM FEBRUARY 1998 NOT LISTED
 6/95 Mary Kelly SAT Classes $360.00 7/95 Staples summer school SAT classes 135.00 X 8/95 Football shoes, clothes 306.00 X 8/95 Football Registration 36.00 X 8/95 Dr. Bucky football physical 10.00 X 9/95 Football misc. expenses 50.00 X 10/95 Graduation pictures 150.00 X 10/95 WHS student activities fund 90.00 12/95 College Apps., fees, Act Regis. 443.00 CT Page 11150 12/95 SAT college reports 98.00 X 4/96 College search, Maine Mass., airfare, hotel, gas, (no food) 724.00 4/96 Northeastern Acceptance to hold place 200.00 5/95 Northeastern to hold Dorm reservation 400.00 6/96 Northeastern orientation 130.00 7/96 Post Road Medical Center-college medical examination 295.00 X 8/96 Television and Antenna — Nobody Beats The Wiz 286.00 X 8/96 Shoes 50.00 8/96 Caldor — room supplies 71.00 X 8/96 Ski Market — roller blades for getting around Boston 320.00 8/96 Linens Things, sheets etc. 181.00 X 8/96 Eye exam and glasses 296.00 9/96 Cash for Books 300.00 X 8/96 Amex Card dues 55.00 X 9/96 Britches Great Outdoors — clothes 196.00 9/96 BJ'S Wholesale Club, Groceries, containers, supplies, etc. 117.00 X 9/96 The Gap — clothes 174.00 X 9/96 T.J. Max — clothes 54.00 X 9/96 EMS — clothes, backpack, etc. 222.00 9/96 Staples Office center — school supplies 63.00 X 9/96 AMEX — Ticketmaster 91.00 9/96 AMEX — NU books, etc. 100.00 10/96 AMEX — NU books, supplies 66.00 10/96 AMEX — NU books, supplies 38.00 9/96 P.C. Warehouse, Computer upgrade 296.00 X 9/96 VISA — Expressway lube centers for car 124.00 X 11/96 Traffic Fine for ticket in New Jersey 50.00 X 11/96 Abercrombie Fitch, clothes 218.00 X 12/96 NU Parking and gas 75.00 12/96 AMEX Payment (books, supplies) 24.00 12/96 Citibank VISA (books, supplies) 20.00 X 12/96 NU Parking, semester 150.00 11/96 Citibank VISA (books, supplies) 20.00 11/96 AMEX Payment (books, supplies) 68.00 X 12/96 Jeep tires 480.00 1/97 Citibank VISA (books, supplies) 100.00 X 2/97 Misc. Expenses, check # 600 200.00 2/97 AMEX Payment (books, supplies) 25.00 2/97 Citibank VISA (books, supplies) 100.00 3/97 AMEX (books, supplies) 126.00 4/97 Citibank (books, supplies) 20.00 X 4/97 AMEX (misc. expenses) 245.00 X 5/97 Misc. Expenses (check #773) 200.00 X 5/97 Citibank VISA 20.00 X 5/97 AMEX Payment (misc. supplies, etc.) 196.00 CT Page 11151 4/97 NU Housing Fall 1997 450.00 X date Auto insurance 9/4/96-3/4/97 548.00 X date Auto insurance 3/4/97-9/4/97 555.00 X date Auto insurance 9/4/97-3/4/98 512.00 X date Auto insurance 3/4/98-9/4/98 512.00 1/97 Electronics, bookshelf — the Wiz 301.00 X 1/97 TV Cart — Caldor 42.00 X 5/97 Clothes — Abercrombie 317.00 X 9/97 Clothes for work 132.00 X 9/97 Clothes for work 165.00 X 9/97 Clothes for work 30.00 X 9/97 Clothes for work 50.00 X 9/97 Suit for work 191.00 9/97 Supplies, food, etc., BJ's 178.00 9/97 Supplies, food, etc., BJ's 164.00 9/97 Household supplies 148.00 9/97 Household supplies 108.00 X 9/97 Sunoco-car repair 434.00 X 9/97 Sunoco-car repair 215.00 9/97 Food-Grand Union 40.00 11/97 Food-Stew Leonards 191.00 X 1/98 Clothes — GAP 203.00 2/98 Food — Stew Leonards 336.00 X 6/97 AMEX 42.00 X 8/97 Citibank Visa 20.00 X 8/97 Citibank Visa 25.00 X 7/97 Citibank Visa 20.00 X 9/97 Citibank Visa 20.00 X 10/97 Citibank Visa 20.00 X 10/97 Amex 132.00 X 12/97 Citibank Visa 20.00 X 12/97 Citibank Visa 20.00 X 11/97 Amex 25.00 X 12/97 Amex 102.00 X 2/98 Citibank Visa 20.00 X 1/98 Citibank Visa 20.00 X 1/98 Amex 50.00 TOTAL $15,222.00
0. *
 306.00 + 36.00 + 10.00 + 50.00 + 150.00 + CT Page 11152 90.00 + 724.00 + 286.00 + 50.00 + 320.00 + 296.00 + 55.00 + 196.00 + 174.00 + 54.00 + 222.00 + 91.00 + 124.00 + 50.00 + 218.00 + 75.00 + 150.00 + 480.00 + 200.00 + 245.00 + 200.00 + 20.00 + 196.00 + 548.00 + 555.00 + 512.00 + 512.00 +